## IN THE CIRCUIT COURT OF LAMAR COUNTY, MISSISSIPPI

**CASEY ALLEN RAYBURN**                                                                 **PLAINTIFF**

**VERSUS**                                  CIVIL ACTION NO. 37:20CV043

**LAMAR COUNTY, MISSISSIPPI; DANNY RIGEL,
INDIVIDUALLY AND AS SHERIFF OF LAMAR COUNTY,
MISSISSIPPI; WILLIAM MCARTHUR; RACHEL GREEN,
INDIVIDUALLY AND AS A NURSE AT LAMAR COUNTY,
MISSISSIPPI JAIL AND JOHN DOE 1-4**                                **DEFENDANTS**

## COMPLAINT

COMES NOW, Plaintiff, Casey Allen Rayburn, by and through his undersigned counsel and files this Complaint and in support thereof would show unto the Court the following, to-wit:

### PART I
### PARTIES

1. Plaintiff, Casey Allen Rayburn, is an adult resident citizen of Lamar County, Mississippi with a mailing address of 34 Pinecrest Road, Purvis, MS 39475

2. Defendant, Lamar County, Mississippi, may be served with process by serving a copy of the Summons and Complaint to Warren Byrd, President of the Lamar County Board of Supervisors, at his office located at 403 Main Street, Purvis, MS 39475.

3. Defendant, Danny Rigel ("Rigel"), individually and as Sheriff of Lamar County, Mississippi is believed by Plaintiff to be an adult resident citizen of Lamar County, Mississippi who can be served with a copy of the Summons and Complaint by serving him at his office located at 201 Main Street, Purvis, MS 39475 S 39525.

4. Defendant, William McArthur ("McArthur"), is believed by Plaintiff to be an adult resident citizen of George County, MS who can be served with a copy of the Summons and Complaint at his office located at 859 Hwy 26, Lucedale, MS 39452.



Page 1 of 6



FILED
LAMAR COUNTY   APR 15 2020   CIRCUIT CLERK

5. Defendant, Rachel Green ("Green"), is believed by Plaintiff to be a resident of Lamar County, MS who can be served with a copy of the Summons and Complaint by serving her at her office located at 201 Main Street, Purvis, MS 39475 S 39525.

6. Defendants, John Doe 1-4, who are currently unknown to Plaintiff but are believed to be involved in the wanton and grossly negligent conduct that resulted in Plaintiff's injury are anticipated to be revealed through discovery and shall be properly named and served at that time.

## PART II
## JURISDICTION AND VENUE

7. Jurisdiction is proper in this Court as the amount in controversy is in compliance with Miss. Code Annotated Section 9-9-21. Venue is proper in this Court pursuant to Miss. Code Annotated Section 11-11-3, et seq. in the County in which this incident occurred. This incident occurred on Ridgewood Drive, in Hancock County, Mississippi.

## PART III
## CLAIMS

### BACKGROUND INFORMATION

8. On January 16th or 17th, Rayburn was transferred to the Lamar County, Mississippi Jail. Rayburn and a member of his family informed the Lamar County jailer of his medical issues related to his foot and updated them on what had been done at the Forrest County Jail.

9. Nothing was done by Lamar County. Rayburn continued to complain to the jailer and jail nurse of the ever-increasing pain in his foot, his desire to see a doctor and the need for his prescription medication. Though he continually made requests to the jail nurse, Rachel Green, to set an appointment for him to see the jail doctor, William McArthur, MD, nothing was done, and he was not seen by a doctor. At one point, Rayburn was placed in solitary confinement because he would not stop complaining about the pain in his foot or his repeated requests to see a doctor.

FILED
LAMAR COUNTY   APR 15 2020   CIRCUIT CLERK

10. Rayburn did not see doctor McArthur until Sunday, February 10, 2019 after Rayburn's father-in-law called the Lamar County Jail and warned that he would be calling the MS Department of Corrections on Monday morning to file a complaint for the failure of the jail to provide proper medical treatment to Rayburn. During his visit with the Doctor McArthur, there was no mention about the prior foot culture and Rayburn was given a band-aid for his foot wound. He did get his prescription medication.

11. Rayburn was released from jail on April 30, 2019. He did not receive medical treatment for his foot injury while in jail other than a band-aid and it took almost a month before he obtained his prescription medication. Rayburn's foot injury escalated during his time in jail and continued after his release from jail to a point where he had surgery to remove his middle toe, is disabled, has suffered greatly and will need future medical attention.

12. Rayburn claims that Lamar County Jail should have contacted Forrest County jail to get all medical records from Rayburn's stay there, given him access to a doctor, properly treated his injury and provided him his prescription medication while in jail. The foot culture taken at Forrest County jail and which was disclosed to the Lamar County jailer at the time of intake clearly showed four types of bacteria were present in Rayburn's wound while he was in jail in Lamar County and nothing was done by anyone to stop the infection process or provide him proper medical attention.

13. Rayburn's constitutional right to proper medical care while in the custody of the Lamar County jail was violated.

## COUNT ONE
## WANTONESS AND/OR GROSS NEGLIGENCE

14. Plaintiff alleges and incorporates here each allegation and paragraph set forth above as though copied verbatim herein.

FILED
LAMAR COUNTY APR 15 2020 CIRCUIT CLERK

15. The Defendants, Rigel, McArthur and Green were wanton and grossly negligent as follows, but not limited to the following ways:

   a. Failure to respond to Plaintiff's numerous complaints of pain and suffering;
   b. Failure to provide Plaintiff with needed prescription medication;
   c. Placing Plaintiff in solitary confinement for his continued complaints of pain and suffering and requests for medical treatment;
   g. Other acts of wantonness and/or gross negligence to be shown at the trial of this case.

16. The Defendants had a duty to provide Plaintiff with proper medical care and treatment when he arrived at the jail with a serious injury and having been informed by Plaintiff and his family of his condition and previous treatment done which was readily available to the Lamar County jail personnel. Defendants willfully and wantonly breached that duty and actually punished Plaintiff for trying to seek proper medical treatment.

17. Plaintiff's injury is a direct and proximate result of Defendants' willful and wanton behavior and for which he is entitled to compensation for same.

## COUNT TWO
## VIOLATION OF 42 U.S.C. SECTION 1983

18. The Plaintiff realleges and incorporates each allegation and paragraph set forth as though copied verbatim herein. The jurisdictional allegations referenced above are incorporated as if fully written herein.

19. The Defendants' policy, procedures and customs for providing medical care are archaic and obtrusive and are the cause of Plaintiff's injury.

20. The Defendants' violation of Plaintiff's right to be secure in his basic human need of medical care and safety through their deliberate indifference to Plaintiff's needs was the cause of his injury.

FILED
LAMAR COUNTY   APR 15 2020   CIRCUIT CLERK

## COUNT THREE
## VICARIOUS LIABILITY OF LAMAR COUNTY, MISSISSIPPI

17. The Plaintiff reallege and incorporate each allegation and paragraph set forth as though copied verbatim herein.

18. As a consequence of the acts and/or omissions of Defendants, Rigel, McArthur and Green, who Plaintiff believes were all working for the Lamar County jail at the time of the injury in question, Defendant, Lamar County, Mississippi, is vicariously liable for said acts of its employee.

19. The above-referenced wanton and grossly negligent acts or omissions, whether taken separately or cumulatively, were a proximate cause of this collision and the resulting injuries and damages sustained by the Plaintiff.

## PART IV
## PRAYER FOR RELIEF

22. Plaintiff is entitled to legal compensation and damages in an amount to be determined by the trier of fact, for injuries sustained in for failure of Defendants to provide him proper medical care, including, but not limited to:

    a.    The past, present and future pain and suffering of this Plaintiff;

    b.    Past, present and future medical bills and related expenses incurred by this Plaintiff (including but not limited to medically related travel expenses and prescriptions);

    c.    The Plaintiff's mental anguish and emotional distress;

    d.    The Plaintiff's loss of enjoyment of life;

    e.    Loss of wages and compensation;

    f.    Loss of wage earning capacity;

    g.    Punitive damages for Defendants' willful, wanton, and reckless disregard for the safety of Plaintiffs, and the Defendants should be assessed with punitive damages

FILED
LAMAR COUNTY   APR 15 2020   CIRCUIT CLERK

    in an amount sufficient to punish the Defendants and to deter similar conduct by the Defendants and others in the future, in an amount to be determined by the trier of fact.

j. All other damages to be determined by discovery and the trier of fact.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that her Complaint be received and filed, and that process issue to the Defendants in a manner provided for by law. That upon a trial in this cause, this Honorable Court will grant a judgment for the Plaintiff, of and against the Defendants jointly and severally, for compensatory damages, punitive damages, an award of reasonable attorneys' fees, pre-judgment and post-judgment interest, and all costs of this action in an amount to be determined by the trier of fact; and if mistaken in the relief prayed for, Plaintiffs pray for such relief, general or special, at law or in equity, to which they may be justly entitled.

RESPECTFULLY SUBMITTED, this 15th day of April 2020

        Casey Allen Rayburn, Plaintiff

        BY: NEGROTTO & ASSOCIATES, PLLC

        BY: */s/ Lewie G. "Skip" Negrotto IV*
           Lewie G. "Skip" Negrotto IV (10060)
           NEGROTTO & ASSOCIATES, PLLC
           133 Davis Avenue, Suite L
           Pass Christian, MS 39571
           Telephone: (228) 222-4777
           Facsimile: (866) 526-0715
           E-Mail: skip@negrottolaw.com



FILED
LAMAR COUNTY   APR 15 2020   CIRCUIT CLERK