# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DIVISION OF MISSISSIPPI, EASTERN DIVISION

**CASEY ALLEN RAYBURN**                                          **PLAINTIFF**

**v.**                              **CIVIL ACTION NO.: 2:20-cv-148-TBM-MTP**

**LAMAR COUNTY, MISSISSIPPI,**
**DANNY RIGEL, WILLIAM MCARTHUR,**
**RACHEL GREEN, and JOHN DOE 1-4**                    **DEFENDANTS**

## PLAINTIFF'S OPPOSITION TO DEFENDANT LAMAR COUNTY, MISSISSIPPI, AND DANNY RIGEL'S MOTION FOR AN EXTENSION OF TIME TO FILE DISPOSITIVE MOTION

COMES NOW Plaintiff, Casey Rayburn, by and through counsel, Bradley S. Clanton, and files this Plaintiff's Opposition to Defendant Lamar County, Mississippi, and Danny Rigel's ("Defendants" or "Lamar and Rigel") Motion and Memorandum for an Extension of Time to File Dispositive Motion. In support thereof, Plaintiff states as follows:

1.    Pursuant to the Rules of Civil Procedure, and consistent with those, an order in this case was signed and agreed to and filed by the parties. Defendants were required to file ***all dispositive motions*** in this case by September 20, 2022. ***Defendants failed to file any such motion by September 20, 2022***.

2.    At approximately 6:30 p.m. on October 13, 2022, Defendants, Lamar and Rigel, by and through counsel, Lance W. Martin, of the law firm

Allen, Allen, Breeland and Allen, PLLC, filed a motion seeking additional time (seven days) to file a dispositive motion because they failed to file one at the appropriate time, prior to September 20, 2022. At the top of their pleading glared:

## **EXPEDITED CONSIDERATION REQUESTED**

3. Apparently, Defendants had realized they had missed the dispositive motion deadline—panicked—and thought they might mitigate the results by filing a ridiculously-flamboyant motion for an extension of seven days asserting via *ipse dixit* "excusable neglect" to attempt to hastily mitigate the effects of admitting they had just missed a serious deadline with no real excuse whatsoever.

4. What Defendants had intended to do with summary judgment motions they had completely failed to do, because they simply missed the deadlines. The Defendants' Motion for an Extension should be denied for failure to show excusable neglect: the only excuse is "I forgot."

5. Defendants admit that they "failed to file [their] Motion for Summary Judgment on or before the September 20, 2022, deadline to do so." Dkt. No. 92 at 4. "[T]he undersigned simply failed to file Movants' Motion for Summary Judgment on time, and he acknowledges that failure." Dkt. 92, at 8.

6.     Defendants rightly note that there are stringent requirements for a movant to "demonstrate "excusable neglect, and "good cause" to extend the deadline for filing dispositive motions.

7.     The very first prong of the legal analysis in this situation-whether there is "good cause" for the failure to meet the deadline—demonstrates the vacuity of Defendants' position.

8.     Good causes, as described by Defendants, include "unintentional oversight," "a crowded caseload", "confusion," "Monday blur," "fail[ure] to recognize the motion deadline," Dkt. 92 at 7. It continues: more "confusion", "conflating the two cases and believe[ing] a motion had been filed," and the attorney "simply failed to file Movants' [sic] Motion for Summary Judgment, and acknowledges that failure." Dkt. 92 at 8.

9.     There is not even a serious attempt to demonstrate good cause here. Notwithstanding this litany of statements, Defendants simply failed to meet a deadline because of basic negligence. It is a shame for them, but we have all been threatened with similar situations.

10.     Defendants next claim that granting their requested extension will "serve judicial economy" because it will result in "swift resolution" of this case, because the Plaintiff's case is too weak without an expert designated and Plaintiff will lose anyway.

11.     Whether Defendants would prevail on a dispositive motion if they

were allowed to file a dispositive motion out of time is purely a matter of speculation, and clearly not a reason to grant Defendants an extension of the deadline here.

12.    Moreover, regarding experts, the undersigned just very recently appeared as counsel in this case.  The question of medical experts and many others legal issues are ones that still may need to be addressed and decided in this case.  Nothing has been chiseled into stone.  But those questions have no relevance to whether Defendants can demonstrate "excusable neglect" for missing the dispositive motion deadline in this case:  and Defendants have alleged nothing close to excusable neglect.  If the excuse of "I am really busy and got confused and missed this deadline" was considered "excusable neglect," then the words of the rule would no longer have any meaning. Every lawyer is very busy and has a lot to do.  That is not excusable neglect.

13.    Finally, Defendants cite the Hon. Judge Starrett's opinion in another case that is similar as further proof that they will prevail if the extension is granted.  Dkt. 92 at 9.  Obviously, that case is irrelevant to this case, and there are no arguments to implicate *res judicata* or issue or claim preclusion raised here, presumably because there are none.

FOR THESE REASONS, the undersigned counsel respectfully submits that Defendants' Motion for Extension of Time to File Dispositive Motion should be denied.

Dated, this the 17th day of October, 2022.

Respectfully submitted,

/s/ *Bradley S. Clanton* (MS Bar No. 10505)

CLANTON LAW FIRM, PLLC
P.O. Box 4781
Jackson, MS 39296
Office Phone: (601) 487-1212
Mobile Phone: (601) 454-8794
Facsimile: (866) 421-9918
Email:  brad@clantonlawms.com

## CERTIFICATE OF SERVICE

I, Bradley S. Clanton, do hereby certify that on this day I filed the above

pleading on the Mississippi Electronic Courts filing system which served a true

and correct copy to all counsel of record.

This the 17th day of October, 2022.

/s/ *Bradley S. Clanton*
Bradley S. Clanton